FILED
5, 2020
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:20-cr- 80-ORl- 37 DCI
18 U.S.C. § 286
26 U.S.C. § 7201

PETRA GOMEZ
JAKELINE LUMUCSO

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A.  Introduction

At all times material to this Indictment:

1.      PETRA GOMEZ owned and operated Universal Tax, LLC, also known as, Universal Tax Latino LLC, (collectively "Universal Tax"), a business that prepared and electronically filed income tax returns and applications for Individual Taxpayer Identification Numbers ("ITIN") for a fee.

2.      JAKELINE LUMUCSO, PETRA GOMEZ's sister, managed the day-to-day operations of Universal Tax.

3.      PETRA GOMEZ and JAKELINE LUMUCSO operated Universal Tax at the following locations: (a) 12351 West Colonial Drive,

Winter Garden, Florida; (b) 851 State Road 436 Suite 1023, Altamonte Springs, Florida; (c) 6412 West Colonial Drive, Orlando, Florida; and, (d) 5805 South Orange Blossom Trail, Orlando, Florida.

4.      An ITIN was a tax processing number issued by the IRS to undocumented and nonresident aliens who worked or conducted business in the United States. An ITIN was a unique nine-digit number with the format 9xx-xx-xxxx.

5.      PETRA GOMEZ applied for, and obtained Electronic Filing Identification Numbers ("EFIN") from the Internal Revenue Service ("IRS") for Universal Tax's office locations, which authorized Universal Tax to participate in the IRS's e-file program and electronically file tax returns from each of its locations.

6.      On or about April 22, 2014, the IRS suspended PETRA GOMEZ and Universal Tax from participating in the IRS's e-file program for filing fraudulent tax returns and revoked Universal Tax's EFINs.

7.      Thereafter, in or about May 2014, PETRA GOMEZ and JAKELINE LUMUCSO created Universal Financial, Inc., and listed Universal Tax's Winter Garden office as Universal Financial's principal address with the State of Florida.

8.      Between in or about June 2014, and in or about July 2014,

2

PETRA GOMEZ and JAKELINE LUMUCSO applied for, and obtained EFINs for Universal Tax's office locations using the name Universal Financial, Inc. JAKELINE LUMUCSO was listed as the principal of the business and the primary contact on the EFIN application.

9.      In or about October 2015, the IRS suspended JAKELINE LUMUCSO and Universal Financial, Inc. from participating in the IRS's e-file program and revoked Universal Financial's EFINs.

10.     On or about October 26, 2015, PETRA GOMEZ and JAKELINE LUMUCSO used a nominee to incorporate Resurrection Tax, Inc., a shell corporation, and listed Universal Tax's Winter Garden office address as Resurrection Tax's principal address with the State of Florida.

11.     On or about November 5, 2015, PETRA GOMEZ and JAKELINE LUMUCSO, using an individual nominee, applied for, and obtained an EFIN for Universal Tax's Winter Garden office in the name Resurrection Tax, Inc. PETRA GOMEZ and JAKELINE LUMUCSO listed the nominee as the principal of the business and the primary contact on the EFIN application.

12.     On or about October 26, 2015, PETRA GOMEZ and JAKELINE LUMUCSO used a nominee to incorporate Living Faith Tax, Inc., a shell corporation, and listed Universal Tax's South Orange Blossom

3

Trail office address as Living Faith Tax's principal address with the State of Florida.

13.     On or about November 3, 2015, PETRA GOMEZ and JAKELINE LUMUCSO, using a nominee, applied for, and obtained an EFIN for Universal Tax's South Orange Blossom Trail office in the name Living Faith Tax, Inc. PETRA GOMEZ and JAKELINE LUMUCSO listed the nominee as the principal of the business and the primary contact on the EFIN application.

14.     On or about October 27, 2015, PETRA GOMEZ and JAKELINE LUMUCSO used a nominee to incorporate Living Hope Tax Inc., a shell corporation, and listed Universal Tax's Altamonte Springs office address as Living Hope Tax's principal address with the State of Florida.

15.     On or about November 6, 2015, PETRA GOMEZ and JAKELINE LUMUCSO, using a nominee, applied for, and obtained an EFIN for Universal Tax's Altamonte Springs office in the name of Living Hope Tax, Inc. PETRA GOMEZ and JAKELINE LUMUCSO listed the nominee as the principal of the business and the primary contact on the EFIN application.

16.     A Preparer Tax Identification Number ("PTIN") was a unique identification number that the IRS issued to paid tax return preparers to use on

4

federal tax returns that they prepared and that were submitted to the IRS.

17.     A "means of identification" was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including a name, ITIN, social security number, or date of birth. For purposes of this Indictment, "stolen personal information" refers to a means of identification that was used without the individual's consent or authorization.

18.     The IRS was an agency of the United States Department of Treasury responsible for administering the tax laws of the United States and for collecting taxes owed to the United States.

### B.     The Conspiracy

19.     Beginning on a date unknown to the Grand Jury, but at least by in or about January 2012, and continuing through at least in or about June 2016, in the Middle District of Florida and elsewhere, the defendants,

PETRA GOMEZ
and
JAKELINE LUMUCSO,

did knowingly and willfully enter into an agreement, combination and conspiracy with others known and unknown to the Grand Jury to defraud the United States and a department and agency of the United States, that is, the United States Department of the Treasury, Internal Revenue Service, by

obtaining and aiding to obtain the payment and allowance of a materially
false, fictitious, and fraudulent claim.

### C.    <u>Manner and Means</u>

The manner and means by which PETRA GOMEZ, JAKELINE
LUMUCSO and others known and unknown to the Grand Jury sought to
accomplish the conspiracy included, among other things, the following:

20.    It was a part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others known and unknown to the Grand Jury,
would and did participate in a conspiracy to use the stolen personal
information of previous tax clients to prepare false tax returns and submit false
claims for tax refunds to the IRS.

21.    It was a further part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others both known and unknown to the Grand
Jury, would and did obtain the means of identification of tax clients by
preparing and causing to be prepared tax returns and ITIN applications for
those clients.

22.    It was a further part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others both known and unknown to the Grand
Jury, would and did use and cause others to use, the means of identification of

previous tax clients without their knowledge or consent to prepare false tax
returns and submit false claims for tax refunds to the IRS.

23.     It was a further part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others both known and unknown to the Grand
Jury, would and did prepare and file, and caused others to prepare and file,
false income tax returns that were based upon false and fraudulent wage and
withholding information, dependent information, and other false information.

24.     It was further part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others known and unknown to the Grand Jury,
would and did print, and caused others to print, fraudulently obtained tax
refund checks at Universal Tax offices, and deducted a tax preparation fee
from the fraudulently obtained tax refund.

25.     It was a further part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others known and unknown to the Grand Jury,
would and did convert the fraudulently obtained tax refund checks to cash.

26.     It was a further part of the conspiracy that PETRA GOMEZ,
JAKELINE LUMUCSO and others known and unknown to the Grand Jury,
would and did create Universal Financial, Inc., in order to obtain EFIN
numbers from the IRS so that they could continue to electronically submit
false claims for tax refunds to the IRS.

7

27.    It was further part of the conspiracy that PETRA GOMEZ and JAKELINE LUMUCSO and others known and unknown to the Grand Jury, would and did use nominees to create shell companies, in order to obtain EFIN numbers from the IRS and to continue to electronically submit false claims for tax refunds to the IRS.

28.    It was a further part of the conspiracy that PETRA GOMEZ, JAKELINE LUMUCSO and others known and unknown to the Grand Jury, would and did use the proceeds to purchase luxury, custom-built houses, vehicles, vacations and other items for their own benefit and the benefit of others.

29.    It was a further part of the conspiracy that GOMEZ and others known and unknown to the Grand Jury would and did misrepresent, conceal, hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

In violation of 18 U.S.C. § 286.

## COUNT TWO

30.    The allegations in paragraphs 1 through 18 and 20 through 29 are incorporated here.

31.    PETRA GOMEZ maintained business bank accounts in the name of Universal Tax, LLC at Bank of America and Regions Bank.

8

32.     From in or about March 2014 through on or about April 15,

2015, in the Middle District of Florida and elsewhere, the defendant,

PETRA GOMEZ,

a resident of Orange County, Florida, did willfully attempt to evade and defeat

a substantial part of the income tax due and owing by her to the United States

of America for the calendar year 2014, by committing the following

affirmative acts, among others:

(a)     filing and causing to be filed with the IRS, a false and

fraudulent joint U.S. individual income tax return, Form 1040, in which it was

stated that she had received total income of $213,434, but, as she then well

knew and believed, she had received total income of at least $1,075,983, and

that upon said income there was owing to the United States of America an

income tax of approximately $372,842;

(b)     following the IRS's rejection of the return, by failing to

make an income tax return on or before April 15, 2015, as required by law, to

any proper officer of the IRS, and to pay the income tax to the IRS;

(c)     concealing sources and amounts of her true and correct

income by diverting funds from a Universal Tax bank account to obtain

cashier's checks to pay for two luxury, custom-built houses; and,

(d)     concealing sources and amounts of her true and correct

9

income by placing her custom-built house in the name of a nominee.

In violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Karen L. Gable
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

10

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

## THE UNITED STATES OF AMERICA

vs.

PETRA GOMEZ
JAKELINE LUMUCSO

## INDICTMENT

Violations: 18 U.S.C. § 286
26 U.S.C. § 7201

A true bill,

_____
Foreperson

Filed in open court this 20th day

of May , 2020.

_____
Clerk

Bail    $_____