UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:20-cr-80-Orl-37DCI

JAKELINE LUMUCSO

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by undersigned counsel, files its sentencing memorandum and requests the Court to sentence the defendant to the low-end of the sentencing guidelines range. This sentence will achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) because it will reflect the seriousness of the offense and the characteristics of the defendant, and it will promote respect for the law, provide just punishment, and afford adequate deterrence.

## BACKGROUND

For more than three years, the defendant Jakeline Lumucso and her sister, Petra Gomez, engaged in a scheme to file fraudulent tax returns and steal the personal information of previous tax clients. Doc. 40, at 18. As a result of the scheme, they filed more than 7000 fraudulent returns, and caused the Treasury Department to pay more than $24 million in fraudulent refunds. *Id.*, at 24; Doc. 71, at ¶ 32.

The defendants executed their scheme through Universal Tax, Gomez's tax preparation business, where Lumucso managed the day-to-day operations of the business and reported to Gomez. *Id.,* at 18-19. In addition to her managerial responsibilities, Lumucso also prepared and filed tax returns, printed tax refund checks, and filed applications with the IRS. *See id,* at 22; Doc. 71 at ¶ 23.

Gomez operated Universal Tax at five locations, and she marketed her tax preparation services primarily to the Latino community. Doc. 40*,* at 19. Many of Universal Tax's clients were undocumented and nonresident aliens, who only spoke Spanish. *Id.,* at 19. As a tax return preparer, Gomez participated in the IRS's E-file program and obtained electronic filing identification numbers (EFIN) for Universal Tax's locations, which authorized Universal Tax to electronically file tax returns for clients. *Id.* Gomez advertised "100% Refund Guarantee" on Universal Tax's Facebook page and on signage outside of her offices. *Id.,* at 20.

Gomez and Lumucso executed their scheme through several means. First, they instructed Universal Tax employees to submit false utility and other residency documents to the IRS to obtain Individual Taxpayer Identification Numbers (ITINs) for their clients so that the IRS would accept and process their tax returns. *Id.,* at 19-20. Second, they instructed employees to falsify

items such as deductions, exemptions and credits on a client's tax return to generate a refund. *Id.,* at 18, 20. Third, they instructed employees to file fraudulent returns using the personal information of previous Universal Tax clients without their consent to obtain tax refunds. *Id.,* at 20. Fourth, Gomez instructed employees to prepare and file fraudulent returns using foreign identification documents and ITINs of individuals whom the preparers never met. *Id.* Gomez provided this information to employees in folders and boxes, and she instructed employees to "play" with the numbers to ensure that the returns generated refunds. Doc. 71, at ¶ 22. Gomez and other unindicted co-conspirators illegally cashed unclaimed refund checks at check cashing businesses located in Ocala, Florida and other areas in Central Florida. Doc. 40, at 21.

In April 2014, the IRS suspended Gomez and Universal Tax from participating in the IRS's E-file program for filing fraudulent tax returns and revoked Universal Tax's EFINs, thus thwarting the defendants' scheme. *Id.,* at 22. Thereafter, in May 2014, Lumucso changed Universal Tax's name to Universal Financial and applied to participate in the IRS's E-file program using the name Universal Financial. *Id.,* at 22-23. Lumucso listed herself as the principal of the business and the primary contact on the EFIN application and did not disclose Gomez's involvement in the business. She also obtained

EFINs for each of Universal Tax's locations using the name Universal Financial. *Id.,* at 23. Gomez and Lumucso continued to operate Universal Tax and E-file false tax returns to the IRS using Universal Financial's EFINs. *Id.*

In October 2015, the IRS suspended Lumucso and Universal Financial from participating in the IRS's E-file program and revoked Universal Financial's EFINs due to fraud. *Id.,* at 23. Undeterred, the defendants used nominees (including Gomez's daughter and her boyfriend) to incorporate and register the shell entities (1) Resurrection Tax, Inc., (2) Living Faith Tax, Inc., and (3) Living Hope Tax, Inc., with the State of Florida. *Id.,* at 23-24. Lumucso then applied for and obtained EFINs for Universal Tax's locations in the name of each shell entity and listed the nominee as the principal of the business and the primary contact on the EFIN applications. *Id.,* at 23-24. Gomez and Lumucso continued to operate Universal Tax and E-file fraudulent tax returns to the IRS using the shell entities' EFINs.

The defendants, through Universal Tax, submitted or caused the submission of approximately 7234 fraudulent tax returns claiming false tax refunds. *Id.,* at 24. The Treasury Department paid fraudulent refunds totaling $24,940,495. Doc. 71, at ¶ 32. During the conspiracy, Gomez paid Lumucso a salary and commissions of at least $250,000 and used at least $800,000 of the fraudulent proceeds to pay for Lumucso's lavish, custom-built house. Doc. 40,

4

at 24.

The defendant faces a maximum statutory term of imprisonment of ten years, and a guidelines range of 87 to 108 months in prison. Doc. 71, ¶ 83. The United States previously filed a motion for downward departure and requested the Court to grant a four-level departure due to the defendant's substantial assistance both pre-indictment and post-indictment. Doc. 70. If the Court grants the motion, the defendant's sentencing guidelines range will be 57 to 71 months in prison. For the reasons set forth below, the United States requests that the Court sentence the defendant to the low-end of the guideline range.

## ARGUMENT

**I.     Guidelines Objections**

1.     Sophisticated Means

Contrary to the defendant's objection, the Probation Office properly applied a two-level upward adjustment because the defendant's offense involved sophisticated means and she intentionally engaged in the conduct constituting sophisticated means. U.S.S.G. § 2B1.1(b)(10). "[S]ophisticated means [is] especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1(b)(10), cmt. (n.9(B)). "Conduct such as hiding … transactions … through the use of … corporate shells … ordinarily indicates sophisticated means." *Id.* Conduct need not involve banking or financial methods in order to constitute

sophisticated means. *United States v. Friend*, 104 F.3d 127, 130 (7th Cir. 1997). Moreover, even if certain acts would not constitute sophisticated means when considered in isolation, such acts may constitute sophisticated means when taken together. *United States v. Feaster*, 798 F.3d 1374, 1380 (11th Cir. 2015) (affirming the totality of the scheme standard); *United States v. Green*, 648 F.3d 569, 576-77 (7th Cir. 2011)(affirming an application of the sophisticated means sentencing enhancement based on the overall sophistication of the scheme).

The defendant's overall scheme was especially intricate and sophisticated. Over a period of more than three years, she and her sister engaged in a scheme to defraud the IRS by filing and causing the filing of over 7,000 fraudulent tax returns to obtain tax refunds. They employed different means to execute the scheme, including placing false items on a return to generate a refund for legitimate clients, using the stolen personal information of previous clients to prepare and file false returns, and using personal information of unknown individuals to prepare and file false returns. When the IRS suspended Gomez and Universal Tax from participating in its E-file program, Lumucso changed Universal Tax's name and applied for EFINS using that entity which enabled her to conceal Gomez's role and continue executing the scheme. When the IRS suspended Lumucso and Universal Financial from the E-file program, Lumucso with the assistance of Gomez,

6

created three new shell entities and applied for EFINS using the shell entities and their nominees in order to conceal their involvement from the IRS and continue executing the scheme. Lumucso's and Gomez's participation in the lengthy and sophisticated scheme caused a loss of over $24 million to the Treasury. *Feaster*, 798 F.3d at 1380-81 (repetitive acts, length of scheme and loss inflicted are acceptable factors to evaluate in determining whether scheme employed sophisticated means).

Lumucso also demonstrated sophisticated knowledge of the IRS's E-file and ITIN programs. She used that knowledge to abuse the system, and to execute and conceal the tax scheme by obtaining ITINS for Universal Tax's clients so that they could file tax returns, and using shell entities and nominees to gain access to the IRS's E-file program. *See United States v. Loute*, 758 Fed.Appx. 814, 817 (11th Cir. 2018)(affirming sophisticated means in car-staging accident scheme because defendant demonstrated sophisticated knowledge of Florida licensure requirements and insurance claims process). Thus, the totality of the defendant's offense conduct was sophisticated and the two-level enhancement for sophisticated means is proper.

2. <u>Means of Identification</u>

The Probation Office also properly applied the two-level adjustment for use of a means of identification under U.S.S.G. § 2B1.1(b)(11). Specifically,

that provision directs the Court to apply a two-level adjustment if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." The Guidelines adopt the definition of the term "means of identification" provided under 18 U.S.C. § 1028(d)(7). *See* U.S.S.G. § 2B1.1, cmt. (n.1). Under § 1028(d)(7), "means of identification" is "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any (A) name, social security, date of birth … taxpayer identification number … (C) unique electronic identification number, address or routing code." 18 U.S.C. § 1028(d)(7).

Here, the defendants used the name, social security number or ITIN of their previous clients (first means of identification) to produce fraudulent tax returns to obtain false refunds. The IRS assigned a unique identifier or document locator number tied to a particular taxpayer on each tax return (second means of identification). The Treasury Department issued tax refunds based on these false tax returns. Courts have held that document locator or other control numbers constitute a "means of identification." *See United States v. Kalu*, 936 F.3d 678, 682-83 (5th Cir. 2019)(Medicare claim number produced from Medicare claim information constituted means of identification); *United States v. Johnson*, 658 Fed.Appx. 244, 247 (6th Cir. 2016)(document locator numbers on tax returns constituted means of

identification); *United States v. Gonzalez*, 644 Fed.Appx. 456, 464-65 (6th Cir. 2016)(document control numbers on health care claims constituted means of identification). Accordingly, the two-level enhancement for means of identification under U.S.S.G. § 2B1.1(b)(11)(C) is proper.

    3.    <u>Abuse of Position of Trust</u>

Finally, the Probation Office properly applied the adjustment for role in the offense under U.S.S.G. § 3B1.3. Section 3B1.3 provides, "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by two levels." The adjustment applies when the defendant "exceeds or abuses the authority of her position in order to obtain, transfer … or use without authority, any means of identification." U.S.S.G. § 3B1.3, cmt. (n.2(B)).

Here, Ms. Lumucso abused a position of trust when she prepared and submitted fraudulent tax returns using personal identification information that Universal Tax's clients provided and entrusted to her for the preparation of their tax returns. *See United States v. Williams*, 605 App'x 878, 881 (11th Cir. 2015). In addition, as a tax preparer, she abused a position of trust when she concealed from the IRS her role and Gomez's role in operating Universal Financial and the other shell companies by obtaining EFINS in those company names, after the IRS suspended them from the E-file program for

fraud. The IRS authorizes tax preparers to participate in its E-File program and electronically file tax returns for their tax clients. By creating shell companies using nominees and concealing their role from the IRS, Lumucso and Gomez succeeded at continuing and concealing the execution of their tax scheme and abused their position of trust as tax return preparers.

In addition, Ms. Lumucso also used a special skill to commit the offense. Although she did not have formal training as a tax preparer, Ms. Lumucso possessed tax preparation skills beyond those of the average person (especially her clients, many of whom were non-resident aliens who did not understand the U.S. tax laws), as demonstrated by her preparation of fraudulent individual and business tax returns, her interactions with a third-party tax refund processor, and her receipt of paid preparer tax identification numbers and electronic filing identification numbers from the IRS. *See United States v. Alejandrez*, 701 Fed.Appx. 789, 790-91 (11th Cir. 2017). And, she used those skills to facilitate the commission of the offense and concealment of the offense from the IRS. Thus, the two-level adjustment for abuse of a position of trust or use of a special skill is proper.

II.     **Sentencing Recommendation**

For the reasons set forth below, the United States requests the Court to impose a sentence of imprisonment at the low-end of the guidelines range. This sentence is reasonable and reflects the sentencing factors under 18 U.S.C.

§ 3553(a).

1. The Nature and Circumstances of the Offense

The nature, circumstances and extent of Ms. Lumucso's criminal conduct is serious and weighs in favor of a guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). Over a period of more than 3 years, the defendant and her sister engaged in a multi-faceted scheme to defraud the IRS and obtain fraudulent tax refunds. Through the scheme, the defendant filed or caused the filing of more than 7000 fraudulent tax returns, resulting in a loss of more than $24 million to the U.S. Treasury. Not only did the defendant victimize the IRS and the Treasury, but she also victimized many individual taxpayers, many of whom were unskilled and lacked knowledge about the federal tax system, by stealing their personal information to file fraudulent returns.

The appalling nature of the defendant's misconduct, the victimization of numerous individuals and the government, the amount of loss involved, and the longevity of the scheme militate in favor of a low-end guidelines sentence.

2. The History and Characteristics of the Defendant

The defendant's history and characteristics also weigh in favor of a low-end guidelines sentence. The defendant has largely lived a privileged life. She was raised in a loving household, has a supportive family, lives in a nice house and is educated. Doc. 71, at ¶¶ 63-71. She is also in good physical and mental health. *Id.* at 72-73. Despite this good fortune, the defendant chose to engage in

a multi-faceted tax scheme to steal personal information from taxpayers and to steal millions of dollars from the Treasury. Although the defendant has no criminal history, she engaged in her criminal activity for more than three years and profited from it.

    3.    <u>The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense</u>

A low-end guideline sentence also reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

As set forth above, the defendant's crime is serious. She caused a very large loss to the U.S. Treasury and victimized individual taxpayers by participating in a scheme to steal their personal information. *See* U.S.S.G. § 2T1.1, Background ("[A] greater tax loss is obviously more harmful to the treasury and more serious than a smaller one with otherwise similar characteristics."). The defendant cooperated in the case and is remorseful; a sentence at the low-end of the guidelines adequately reflects the seriousness of her offense, promotes respect for the law and provides just punishment.

    4.    <u>The Need for the Sentence to Afford Adequate Deterrence</u>

A low-end sentence will also afford adequate deterrence in this case. A low-end sentence is sufficient to deter the defendant from committing crimes in the future.

For the foregoing reasons, the United States respectfully requests the Court to sentence the defendant at the low-end of the guidelines. Considering the serious nature of the offense, the defendant's personal characteristics and the need to promote just punishment, respect for the law, and adequate deterrence, a low-end guideline sentence is reasonable.

        Respectfully submitted,

        MARIA CHAPA LOEZ
        United States Attorney

By:   *s/ Karen L. Gable*
        Karen L. Gable
        Assistant United States Attorney
        USA No. 025
        400 W. Washington Street
        Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Facsimile:   (407) 648-7643
        Email: karen.gable@usdoj.gov

U.S. v. Jakeline Lumucso  Case No. 6:20-cr-80-Orl-37DCI

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David Haas, Esq.

> *s/ Karen L. Gable*
> Karen L. Gable
> Assistant United States Attorney
> USA No. 025
> 400 W. Washington Street, Suite 3100
> Orlando, Florida 32801
> Telephone: (407) 648-7500
> Facsimile: (407) 648-7643
> E-mail: karen.gable@usdoj.gov